J-A18019-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM HUGHES | : | |
| | : | |
| Appellant | : | No. 1449 WDA 2019 |

Appeal from the PCRA Order Entered September 20, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009919-2012

BEFORE: BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: FILED JULY 30, 2020

Appellant, William Hughes, appeals from the September 20, 2017 Order denying the ineffective assistance of counsel claim raised by Appellant in his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as meritless. After careful review, we affirm.

The relevant facts and procedural history are as follows. On March 7, 2013, the trial court convicted Appellant of three counts of Aggravated Assault, and one count each of Criminal Conspiracy and Criminal Mischief[1]

_____

[1] 18 Pa.C.S. §§ 2702(a)(1), 2702(a)(4), 903(a)(1), 3304(a)(5), respectively.

arising from Appellant's assault of two victims with a bicycle lock.[2, 3]  On July 16, 2013, it sentenced Appellant to a term of 7½ to 15 years' incarceration, followed by 10 years of probation.  This Court affirmed Appellant's Judgment of Sentence and on March 8, 2016, the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal.  See Commonwealth v. Hughes, 133 A.3d 78 (Pa. Super. 2015) (unpublished memorandum), appeal denied, 134 A.3d 55 (Pa. 2016).  Appellant did not seek review from the United States Supreme Court.  Thus, Appellant's Judgment of Sentence became final on June 6, 2016.  See Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

On July 26, 2016, Appellant timely filed a pro se PCRA Petition.  The PCRA court appointed Adam M. Bishop, Esquire, to represent Appellant.  Counsel filed an Amended Petition on May 8, 2017.  In his Amended PCRA Petition, Appellant asserted that trial counsel, Tim Thomasic, Esquire, rendered ineffective assistance when he failed to investigate and call character

_____

[2] The Commonwealth also charged Appellant's co-defendant Sherryl Feli with Aggravated Assault and Criminal Conspiracy.

[3] Appellant and his co-defendant had been on bicycles when they became involved in the altercation with the driver of and a passenger in a car ("victims").  Appellant claimed in his defense that the victims were, in fact, the aggressors in the altercation, and that he had been acting in self-defense when he seriously injured them with his bike lock.  In convicting Appellant of the above offense, the trial court credited the victims' testimony over that of Appellant, and discounted Appellant's self-defense claim.  N.T. Trial, 3/7/13, at 247.

witnesses at trial and failed to inform Appellant of a plea offer. Amended PCRA Petition, 5/8/17, at 3-8.

On June 26, 2017, Appellant filed an amendment to his Amended PCRA Petition challenging the legality of his sentence and requesting vacatur of the sentence because the sentencing court did not determine Appellant's RRRI eligibility at the time of sentencing. Amendment to Amended PCRA Petition, 6/26/17, at 2-4.

On August 29, 2017, the PCRA court held a hearing on Appellant's claims.[4] Attorney Tomasic testified, as did Appellant and several witnesses who asserted that, if asked, they would have provided character testimony on Appellant's behalf at trial. Following the hearing, on September 20, 2017, the PCRA court granted Appellant's request for resentencing to determine RRRI eligibility but denied Appellant's remaining ineffectiveness of counsel claim. Attorney Bishop did not file an appeal from the portion of the Order that denied Appellant relief.

The court held a resentencing hearing on December 6, 2017, after which it reimposed Appellant's sentence of 7½ to 15 years' incarceration, followed by 10 years of probation. The court also determined that Appellant was not RRRI eligible. On December 14, 2017, Appellant filed a Motion to Modify Sentence, which the court denied on December 20, 2017.

_____

[4] At the outset of the hearing, Appellant withdrew his claim that his trial counsel had been ineffective for failing to convey a plea offer to Appellant. N.T., 8/29/17, at 3.

Appellant timely appealed, challenging the discretionary aspects of his December 6, 2017 Judgment of Sentence and the September 20, 2017 denial of his ineffectiveness of counsel claim. On March 25, 2019, this Court affirmed Appellant's December 6, 2017 Judgment of Sentence but declined to address the denial of Appellant's ineffective assistance of counsel claim, concluding that, as to this issue, Appellant's appeal was untimely. See Commonwealth v. Hughes, 215 A.3d 679 (Pa. Super. 2019) (unpublished memorandum).

On April 29, 2019, Appellant filed pro se the instant PCRA Petition in which he claimed that Attorney Bishop had been per se ineffective for failing to file a timely appeal from the portion of the PCRA court's September 20, 2017 Order dismissing his claim that trial counsel had been ineffective for failing to investigate and call character witnesses as Appellant's trial. PCRA Petition, 4/29/19, at 3. On May 9, 2019, the PCRA court appointed counsel, who filed an Amended PCRA Petition reiterating Appellant's claim that Attorney Bishop had been per se ineffective and seeking reinstatement of Appellant's right to appeal from the PCRA court's September 20, 2017 Order. Amended PCRA Petition, 8/5/19, at ¶¶ 14, 21.

On August 23, 2019, the PCRA court reinstated Appellant's right to appeal from the PCRA court's September 20, 2017 denial of Appellant's ineffectiveness of trial counsel claim. PCRA Order, 8/23/19. This timely appeal followed.

Appellant raises the following issue on appeal:

[] Did trial counsel's failure to interview several character witnesses[] who would have testified to [Appellant's] reputation for truthfulness and for being nonviolent, prejudice [Appellant] where trial counsel's strategy consisted of calling [Appellant] to testify that he was acting in self-defense?

Appellant's Brief at 6.

Standard of Review

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. Commonwealth v. Fears, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if the record supports them. Commonwealth v. Boyd, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Ineffective Assistance of Counsel

The law presumes counsel has rendered effective assistance. Commonwealth v. Rivera, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." Id. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." Commonwealth v. Fulton, 830 A.2d 567, 572 (Pa. 2003) (citation omitted). "To demonstrate prejudice, a

petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different." Commonwealth v. Mason, 130 A.3d 601, 618 (Pa. 2015). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. Commonwealth v. Jones, 811 A.2d 994, 1002 (Pa. 2002).

In his claim, Appellant contends that Attorney Tomasic rendered ineffective assistance for failing to interview and call the many witnesses available who would have been willing to testify to Appellant's character for truthfulness and for being non-violent. Appellant's Brief at 39-43. Appellant argues that, in light of his proffered self-defense claim, Attorney Tomasic had no reasonable basis to forego the investigation and presentation of character witnesses on Appellant's behalf. Id. Appellant asserts that the prejudice caused by Attorney Tomasic's deficient representation "cannot be understated" because Appellant's character was "perhaps the defining issue at trial." Id. at 43, 45. He claims that Attorney Tomasic's failure to present character evidence, which would have established Appellant's reputation for truthfulness and for being non-violent, "undermines confidence in the verdict," and requires that this Court vacate it. Id. at 44-45.

In the context of a claim alleging trial counsel's ineffectiveness for failing to call witnesses at trial, the defendant must prove that: "(1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or should have known of the witness's existence; (4)

the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant." Commonwealth v. Cousar, 154 A.3d 287, 312 (Pa. 2017) (citation omitted). In assessing whether the defendant satisfied the prejudice prong, the defendant "must demonstrate that the alternative not selected by counsel offered a substantially greater chance of success than the tactic chosen. Commonwealth v. Hull, 982 A.2d 1020, 1026 (Pa. Super. 2009) (citation omitted, emphasis added).

At Appellant's PCRA hearing, Attorney Tomasic described his trial strategy as consisting of casting the victims as the aggressors and offering Appellant's testimony that he had been acting in self-defense. N.T., 8/29/17, at 5, 11. Attorney Tomasic testified that, although he did not specifically recall, it was "logical" to assume, based on his proffered defense, that he "attempted to find someone or present some sort of evidence of [Appellant's] non-violent nature, and that he was "sure there was probably a discussion [about presenting character evidence]." Id. at 6, 7. He testified that he remembers speaking with someone in the cycling community of which Appellant was a part, and he didn't know what he "would have spoken to anyone in the cycling community about specifically other than character evidence." Id. at 8. Attorney Tomasic testified that the fact that Appellant had a prior crimen falsi conviction informed his decision not to present character evidence, but he admitted that the crimen falsi evidence would have been admissible regardless because he planned to have Appellant testify. Id.

at 11. Attorney Tomasic conceded that he did not have any notes in Appellant's file concerning discussions with Appellant about character witnesses. Id. at 6-7.

Appellant testified that Attorney Tomasic did not discuss character witnesses with him and did not inform him of his right to call character witnesses. Id. at 17. He testified that he would have been able to provide Attorney Tomasic with the names and contact information of several character witnesses. Id.

Appellant also presented the testimony of Eric Boerer, Greg Russo, and Benjamin Voytko, each of whom testified that he knew Appellant to have a reputation for truthfulness and for being non-violent within the community, and that, had Attorney Tomasic contacted him, he would have been willing to testify to that reputation at trial.[5] Id. at 21-22, 32-33, 36-39.

Following the PCRA hearing, the court, who presided over Appellant's non-jury trial, denied Appellant's claim that his counsel had been ineffective in failing to investigate and call character witnesses. The PCRA court explained that Appellant was "unable to establish that he was prejudiced by counsel's action because he [could] not show that the presentation of those character witnesses offered a substantially greater chance of success at his

_____

[5] The parties also stipulated that two other witnesses would have been willing and available to testify at trial to Appellant's reputation for truthfulness and non-violence, but Attorney Tomasic did not contact them. N.T., 8/29/17, at 40-43.

non-jury trial." Trial Ct. Op. 9/20/17, at 5 (citation omitted). The court opined as follows:

> As an initial matter, the court notes that the character witnesses at issue in this case were part of the same bicycling community as [Appellant], specifically the bicycling rugby community, of which there were only a few dozen members. These potential witnesses were not from different cross-sections of the community. Also, each witness had only known [Appellant] for a few years prior to the incident at best. Although the witnesses were willing and available to testify that [Appellant] had a reputation for truthfulness and non-violence, the witnesses also testified that [Appellant's] conviction for substantially injuring the victims with his bike lock did not impact [Appellant's] reputation for non-violence, which the court found to be disingenuous and hurtful, instead of helpful to the defense.

Id. at 5-6.

The court further explained that the testimony of the proposed character witnesses would not have offered Appellant a substantially greater chance of success because the court would not have weighed their testimony pertaining to Appellant's reputation for non-violence more heavily than Appellant's co-defendant's testimony that Appellant "had a history of confrontations with vehicle drivers on prior occasions," and "was prone to altercations with cars." Id. at 6 (citing N.T. Trial, 3/7/13, at 160-164). The court credited Appellant's co-defendant's testimony because she "had an intimate relationship with [Appellant], and she had far better insight into his personality and character than random members of the rugby community." Id.

The court noted that it concluded that Appellant's claim lacked merit based on its objective assessment of "the witness['] demeanor and tone as

they testified, and it found the testimony of the victims to be far more credible and consistent than the testimony of [Appellant] and his [c]o-[d]efendant." Id. at 6-7. The court found that, given the totality of the evidence, including Appellant's failure to contact the police until days after the incident, which the court found "substantially diminished the credibility of [Appellant's] self-defense claim," Appellant's proffered character evidence did not raise a reasonable probability that the outcome of the proceedings would have been different. Id. at 7-8.

Following our review, we conclude that the record supports the trial court's determination that Appellant's claim lacked merit. Appellant failed to establish that Attorney Tomasic's failure to interview or call character witnesses prejudiced him. In addition to finding that the record supports the facts that the PCRA court relied upon, we defer to the weight that the PCRA court placed on Appellant's proposed character witnesses. The PCRA court indicated that it would not have weighed the testimony presented at trial more heavily than that given by Appellant's proposed witnesses. We must accept that weight determination and we will not disturb the PCRA court's conclusion that there is not a reasonable probability that the fact-finder's decision would have been different if Appellant's counsel had called the proposed character witnesses to testify. Appellant is, therefore, not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/30/2020</u>